IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN LEE WILSON, | No. 2:21-CV-2025-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| CYNTHIA BISHOP, et al., | |
| Defendants. | |

   Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion for the appointment of counsel, ECF No. 3.

   The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id. In Terrell, the

Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim.  The facts he alleged and the issues he raised were not of substantial complexity.  The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances.  Plaintiff argues appointment of counsel is warranted because: (1) he is indigent; (2) the prison is on lock-down due to the COVID-19 pandemic; (2) he lacks legal training; and (3) impaired mental faculties due to medical issues.  See ECF No. 3, pgs. 2-3.  Plaintiff does not include any documentation of his "medical issues" or limitations imposed because of them.  A review of the docket, specifically Plaintiff's complaint and the instant motion for appointment of counsel, reflects that Plaintiff has been able to articulate his claims despite his alleged "medical issues."  Further, it does not appear that Plaintiff's claim, which relates to alleged religious discrimination, is either factually or legally complex.  Finally, the Court cannot say at this early stage of the proceedings that Plaintiff has demonstrate a likelihood of success on the merits.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's request for the appointment of counsel, ECF No. 3, is denied.

Dated:  November 16, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE