IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN LEE WILSON, | No. 2:21-CV-2025-KJM-DMC-P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| CYNTHIA BISHOP, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's original complaint, ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff, who an inmate at the California Health Care Facility, names the following as defendants: (1) Cynthia Bishop, (2) Anthony Brochu, (3) Mrs. Semtemi, Cynthia Bishop's moth, and (4) Roland Semtemi, Cynthia Bishop's brother.  See ECF No. 1, pgs. 1, 2.  Plaintiff contends that Defendant Cynthia Bishop falsely accused Plaintiff of making threats against her.  See id. at 3.  According to Plaintiff, Defendant Bishop provided the police with an audio tape which Bishop had "faked."  Id.  Plaintiff states that he was arrested and criminally charged on the basis of the manufactured audio recording.  See id.  Plaintiff states that Defendant Bishop is a white supremacist who believed that Plaintiff has black and Jewish ancestry.  See id. at 3-4.  Plaintiff states that he is a "practicing Jew."  Id. at 4.  Plaintiff further states that the faked audio recording was the only evidence against him in the criminal case, which resulted in Plaintiff's conviction.  See id. at 5.  Plaintiff maintains his innocence.  See id.

Plaintiff also alleges that Defendant Bishop used the fake tape and Plaintiff's subsequent arrest to "divert attention" and allow Bishop to steal $100,000.00 "in money and property."  Id. at 4.  Plaintiff accuses the remaining defendants – Cynthia Bishop's mother and brother, as well as Defendant Brochu, a friend of Defendant Bishop's – of being co-conspirators in this plot.  See id.

/ / /
/ / /
/ / /
/ / /
/ / /

## II. DISCUSSION

Plaintiff's complaint suffers from a clear defect, which cannot be cured. Specifically, Plaintiff cannot maintain a civil rights action under § 1983 against individuals who, as here, are not alleged to have acted under color of state law. Plaintiff's complaint also appears to be barred in that success on the merits of his claim that the evidence against him in his criminal trial had been faked would necessarily imply the invalidity of the conviction based on that evidence.

### A.     Acting Under Color of State Law

Under § 1983, Plaintiff must show: (1) a violation of rights protected by the Constitution or created by federal statute; (2) proximately caused; (3) by conduct of a person; (4) acting under color of state law. See Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991). A defendant has acted under color of state law where he or she has "exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" West v. Atkins, 487 U.S. 42, 49 (1988) (quoting United States v. Classic, 313 U.S. 299, 236 (1941)). Generally, private parties are not acting under color of state law. See Price v. Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991). Where, however, a private party conspires with state actors, the private party is acting under color of state law. See Tower v. Glover, 467 U.S. 914, 920 (1984). Conclusory allegations of a conspiracy are insufficient to establish the connection to a state actor. See Radcliffe v. Rainbow Constr. Co., 254 F.3d 772, 783-84 (9th Cir. 2001).

Here, Plaintiff has not named any state actors as a defendant and Plaintiff has not alleged a conspiracy between any named defendant and a state actor. All of the named defendants appear to be private individuals. For this reason alone, the complaint must be dismissed.

/ / /

/ / /

/ / /

/ / /

### B. Implication of Success on the Merits on Criminal Conviction

When a state prisoner challenges the legality of his custody and the relief he seeks is a determination that he is entitled to an earlier or immediate release, such a challenge is not cognizable under 42 U.S.C. § 1983 and the prisoner's sole federal remedy is a petition for a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam). Thus, where a § 1983 action seeking monetary damages or declaratory relief alleges constitutional violations which would necessarily imply the invalidity of the prisoner's underlying conviction or sentence, such a claim is not cognizable under § 1983 unless the conviction or sentence has first been invalidated on appeal, by habeas petition, or through some similar proceeding. See Heck v. Humphrey, 512 U.S. 477, 483-84 (1994) (concluding that § 1983 claim not cognizable because allegations were akin to malicious prosecution action which includes as an element a finding that the criminal proceeding was concluded in plaintiff's favor); Butterfield v. Bail, 120 F.3d 1023, 1024-25 (9th Cir. 1997) (concluding that § 1983 claim not cognizable because allegations of procedural defects were an attempt to challenge substantive result in parole hearing); cf. Neal, 131 F.3d at 824 (concluding that § 1983 claim was cognizable because challenge was to conditions for parole eligibility and not to any particular parole determination); cf. Wilkinson v. Dotson, 544 U.S. 74 (2005) (concluding that § 1983 action seeking changes in procedures for determining when an inmate is eligible for parole consideration not barred because changed procedures would hasten future parole consideration and not affect any earlier parole determination under the prior procedures).

Here, Plaintiff claims that defendants – all of whom are private actors – conspired with each other to provide police with a faked audio tape which in turn was the only evidence against Plaintiff in a criminal prosecution leading to his conviction. Additionally, Plaintiff claims he is innocent of the crime. Success on the merits of this claim would necessarily imply the invalidity of the underlying criminal conviction and, as such, the claim is barred absent evidence that Plaintiff's criminal conviction has been overturned or otherwise invalidated, which Plaintiff does not allege.

### III.  CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, Plaintiff is not entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that this action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  December 8, 2021

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

5