UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| Melvin Lee Wilson, | No. 2:21-cv-02025-KJM-DMC |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| Cynthia Bishop, et al., | |
| Defendants. | |

Plaintiff Melvin Wilson, who is not represented by counsel in this action, asserts discrimination claims against several defendants. *See generally* Complaint, ECF No. 1. The matter was referred to a Magistrate Judge under this District's Local Rules, and the Magistrate Judge recommends dismissing the complaint with prejudice under the screening procedures in 28 U.S.C. § 1915A. *See generally* F&Rs, ECF No. 12. Mr. Wilson objects. *See generally* Objections, ECF No. 13. The court has reviewed the matter de novo.

Mr. Wilson alleges Cynthia Bishop, her mother, her brother, and another man conspired to frame him for making illegal threats. *See* Compl. at 3–6, ECF No. 1.[1] He claims they were motivated by antisemitism; he is Jewish. *See id.* at 4. At the time he filed this case, he was serving a term of incarceration and used a form complaint for prison civil rights claims. *See*

---

[1] To avoid confusion, the court cites the complaint using the page numbers applied automatically by the CM/ECF system to the top right of each page.

1

1  *generally id.*  On the first page of the form, he checked a box for civil rights claims under
2  42 U.S.C. § 1983 to establish this court's jurisdiction, and he argued the defendants had deprived
3  him of rights under the Fourth, Sixth, Eighth, and Fourteenth Amendments.  *See id.* at 1, 5.  Mr.
4  Wilson does not allege, however, that Ms. Wilson or any of the other defendants were employees
5  or officers of any state or local government, and none of his allegations suggest they were acting
6  under color of law, as required by 42 U.S.C. § 1983.  The court therefore agrees with the
7  Magistrate Judge's recommendation that no claim under § 1983 could succeed.  *See* F&Rs at 3.
8      The Magistrate Judge recommends dismissing this action without leave to amend because
9  Mr. Wilson cannot use a civil rights action to challenge his criminal conviction.  *See id.* at 4
10 (citing *Heck v. Humphrey*, 512 U.S. 477 (1994), among other authorities).  Mr. Wilson argues in
11 his objections that he does not challenge his conviction.  *See* Objections at 2.  He included
12 allegations about his conviction as "background" only.  *Id.*  For that reason, the court declines to
13 adopt the Magistrate Judge's recommendation to dismiss this action as an improper attempt to
14 attack a criminal conviction.
15     Without any claim under § 1983 or any other federal statute, and without any allegation
16 suggesting the parties have completely diverse citizenship, this court has no jurisdiction over this
17 action.  This action is therefore **dismissed without prejudice**.  *See* Fed. R. Civ. P. 12(h)(3) ("If
18 the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss
19 the action.").  The case is **closed**.
20     IT IS SO ORDERED.
21 DATED:  March 24, 2022.

CHIEF UNITED STATES DISTRICT JUDGE